FILED
2017 Mar-21 PM 04:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIE ABNER, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES PIPE AND ) <br> FOUNDRY COMPANY, LLC, ) <br> MUELLER WATER PRODUCTS, ) <br> INC., USP HOLDINGS INC., and ) <br> FICTITIOUS DEFENDANTS A-C, ) <br> ) <br> Defendants. ) | Civil Action File No. 2:15-CV-2040-KOB <br><br> This Document Relates to All Cases |

## PLAINTIFF'S REPORT OF RULE 26(f) MEETING

**1.** Pursuant to Fed. R. Civ. P. 26(f), Plaintiffs' and Defendants' counsel have conferred multiple times by phone and in-person, and communicated by email, to discuss discovery scheduling and planning in these consolidated cases. A telephonic conference was held on February 28, 2017, and was attended by:

      For Plaintiffs:      Jon C. Conlin
                                  Andrew Jones

      For Defendants:     Sharon Stuart
                                  Doug Arnold
                                  Meaghan Boyd

An in-person meeting was held on March 3, 2017, and was attended by:

|  |  |
|---|---|
| For Plaintiffs: | Jon C. Conlin |
|  | Andrew Jones |
| For Defendants: | Liz Huntley |
|  | Doug Arnold |
|  | Meaghan Boyd |

The Parties continued their discovery planning efforts via email and telephone following the February 28 telephonic conference and March 3 in-person meeting, including telephonic conference calls on March 14 and 16, 2017, in order to attempt reach consensus on a phased approach to discovery. Counsel exchanged multiple drafts of a proposed Scheduling Order by email between February 28 and March 17. On March 20, Defendants' counsel notified Plaintiffs' counsel for the first time that they intended to go an entirely different direction, despite weeks of negotiations and that Plaintiffs could agree to their revised position or should file a separate report.  This complete disregard for the prior negotiations and agreements between the parties, and Defendants clear ultimatum, is what has led to the filing of separate reports and proposed scheduling orders.

2. **Pre-Discovery Disclosures**: The Plaintiffs' proposal for the exchange of Rule 26(a) initial disclosures is described in the proposed Scheduling Order.

3.  **Discovery Plan**:  Because the Defendants decided to discard the proposed scheduling order drafted over the course of weeks of negotiations, Plaintiffs are forced to submit their proposal to this Court separately. Plaintiffs' proposed Scheduling Order is attached to this report as <u>Exhibit 1</u>. A short overview of the necessity of Plaintiffs' proposal as well as their position on what were several key disagreements between the parties is set forth below.

    1. The Necessity of Phased Discovery.

        The phased approach to discovery presented in Plaintiffs' proposed scheduling order represents the general agreement amongst the Parties for several months prior to Defendants creating their new proposal. This phased approach has also been demonstrated to be an efficient way of managing large consolidated product, contamination, and exposure litigations such as is currently before the Court. Additionally, this phased approach is critical in light of the history of this litigation and the broad discovery Plaintiffs have already provided while Defendants have provided nothing.

        Prior to filing their lawsuits, Plaintiffs provided extensive information to Defendants regarding the nature of their exposure and injuries as well as the summaries of several reports from their experts.  Additionally during the mediation process last year, each Plaintiff provided a signed mediation questionnaire answering detailed questions about their demographics,

residential history, residential history around Defendants' North Birmingham facility, dates of exposure, claimed injuries, treating physicians, how they were exposed, claimed property values (where applicable), and even the specific emissions to which they were exposed.  Plaintiffs also provided updated copies of preliminary reports from three (3) experts discussing general causation, property damages, and emissions modeling during the during the mediation process.

Despite Plaintiffs already engaging in substantial discovery to date, Defendants have yet to produce one single page of documents or provide any information whatsoever about their position or any of their defenses and explicitly refused to do so as part of the negotiated medication process. Thus, Plaintiffs' proposed phased approach is necessary to level the playing field prior to selecting any individual cases to work up for trial.

Moreover, Plaintiffs' phased approach will allow the Court to make general determinations regarding litigation wide claims, defenses, and dispositive motions that apply to hundreds of Plaintiffs before any individual Plaintiff cases are worked up for representative bellwether purposes. This, therefore, would prevent undue waste and delay where parties might inadvertently select "bad" representative Plaintiffs that fail to further move the docket as a whole.

Consequently, Phase One in Plaintiffs' proposal focuses on Plaintiffs' engaging in general liability and exposure discovery with Defendants that will then be used to narrow the viable claims, defenses, and, possibly, Plaintiffs prior to representative bellwether work-ups. After this, Phase Two would allow for the selection of ten (10) individual Plaintiffs to have their cases efficiently worked up for bellwether trial selections.

2. Limitations on Discovery.

Throughout the Parties' negotiations, the Defendants consistently sought to artificially limit Plaintiffs' ability to conduct general discovery in a manner that would result in extreme prejudice. Because of the vast disparity in information produced to date, Plaintiffs cannot accept arbitrary limitations to the discovery allowed them under the federal rules. Defendants wanted to limit the number of depositions that will take place in Phase One pursuant to Fed. R. Civ. P. 30(b)(6), but this rule speaks for itself and needs no alteration.

Defendants also proposed to limit Plaintiffs' Master Discovery Requests despite having never previously provided any discovery. Such a limitation would significantly hinder Plaintiffs' ability to gather the documents and information necessary to carry out general discovery and would fly in the face of the language and spirit of the rules. As with their proposal regarding

5

depositions, Defendants were attempting to rewrite the established Rules of Civil Procedure for the sole purpose of limiting Plaintiff's access to discoverable information.

As stated above, Plaintiffs engaged in a lengthy pre-discovery exchange of information without Defendants producing a single document or discovery response. Parties engaged in this exchange with the understanding that Defendant would be subject to the rules of discovery should a resolution not be reached. It was not reached and now that it is time for Defendants to finally engage in discovery, they are seeking to improperly limit Plaintiffs' ability to establish their cases.

3. Number of Phase Two Discovery Plaintiffs.

Plaintiffs propose that five (5) Phase Two Discovery Plaintiffs should be selected by each side. This number of Phase Two Discovery Plaintiffs is necessary to ensure that the Phase Two Discovery Plaintiffs are an accurate representation of the overall group of Plaintiffs and that sufficient Phase Two Plaintiffs make it through the discovery process for bellwether trials to be had. Although they agree that the individual Plaintiffs whose cases are worked up for potential trial need to be representative of the larger group, Defendants inexplicably wanted to limit the pool to four (4) total Plaintiffs.

LEGAL02/37047939v1

**4.     Other Items**

Plaintiffs request a conference with the Court before entry of a Scheduling Order to address the differences between the Parties' proposals.

**5.     Possibility of Settlement**:  Plaintiffs engaged in good faith attempts to resolve these cases after litigation was commenced.  The parties were unable to reach a resolution.

**6.     Issues for Discovery, Claims, and Defenses**:

Plaintiffs' Anticipated Issues:

- Further detail regarding emissions from Defendants' Plant. and

- Defendants' knowledge of the emissions, risks associated with the emissions, and the damage they caused.

- Defendants' policies and procedures to minimize harm to Plaintiffs and the surrounding community.

- Defendants' policies and procedures for complying with Industry standards regarding the emissions and the extent to which such policies and procedures were followed in practice.

- Defendants' policies and procedures for complying with federal and/or state regulations regarding the emissions and the extent to which such policies and procedures were followed in practice.

- Defendant's knowledge of the risks associated with their conduct.

- Defendants' knowledge of the total emissions effecting Plaintiffs and how Defendants' particular emissions contributed to that total.

- What Defendants' did, or did not do, to hide, or make known, the risks of their emissions from Plaintiffs.

- Whether the opinions of Defendants' tendered expert witnesses (1) are based on sufficient facts or data, (2) are the product of reliable principles and methods, and (3) are the result of the reliable application of those principles and methods to the facts of this case so as to satisfy the requirements of *Daubert* and Federal Rule of Evidence 702.

**7.     Pre-Trial Hearing Concerning Scientific Evidence**:  Plaintiffs believe that it is proper for the Court to conduct a pre-trial hearing to determine the admissibility of scientific evidence after completion of general liability and Defendant emissions discovery has been completed. Plaintiffs respectfully request that the Court conduct a hearing to determine the admissibility of scientific evidence in connection with the Phase One and Phase Two dispositive motions and *Daubert* motions.

**8.     Changes in Limitations on Discovery**

Plaintiffs' proposed limitations on discovery are set forth in proposed Scheduling Order attached as Exhibit 1.

## ORDER

The above Rule 26(f) Report is approved with the following additions/modifications:

ORDERED this _____ day of _____, 2017.

_____
Judge Karon O. Bowdre
Chief Judge
United States District Court
Northern District of Alabama

LEGAL02/37047939v1